UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT VENTIMIGLIA, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV01759 ERW |
| ) | |
| AT&T YELLOW PAGES, et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Supplemental Motion to Alter or Amend Judgment [doc. #57].

Plaintiffs filed suit against Defendants AT&T Yellow Pages, Dan Walsh, Vince Lopiccolo, and Francine Dugger on November 17, 2007. Plaintiffs subsequently amended their complaint to include numerous other corporations and businesses, which they alleged were involved in illegal practices with AT&T Yellow Pages. This Court entered judgment in favor of Defendants, on February 26, 2008, and dismissed Plaintiffs' Second Amended Complaint. Plaintiffs have now filed a motion to alter or amend the judgment. That motion is fully briefed, and the Court will address it at this time. Also pending is a request by Plaintiffs for oral arguments on their motion to alter or amend the judgment. The issues raised by Plaintiffs can be disposed of through the Parties' thorough briefing, and therefore oral arguments are not necessary.

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment within ten (10) days of the entry of judgment. Fed. R. Civ. P. 59(e). Plaintiffs' motion was timely filed. However, Plaintiffs fail to raise any arguments that were not fully addressed by

the Court in its previous order. Plaintiffs argue that this Court failed to consider all of the evidence presented in support of its Second Amended Complaint. However, the Court ruled on Defendants' motion to dismiss, and therefore, no evidence outside of the pleadings was considered by the Court. *See* Fed. R. Civ. P. 12(d). The Court did not need to review the evidence presented by Plaintiffs, because the standard of review on a motion to dismiss requires the Court to assume that all allegations in the complaint are true. *See Hafley v. Lohman*, 90 F.3d 264, 267 (8th Cir. 1996). The Court applied this standard, however, the allegations did not form the basis of any claim for relief. Plaintiffs were obligated to present a basis for their allegations, and they failed to do so. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 n.3 (2007). The only factual allegations made by Plaintiffs in their second amended complaint, and reiterated in their motion to alter or amend the judgment, reference "illegal" increases in the rates charged by Defendant AT&T Yellow Pages for advertising services. However, there is no law that forbids a private company from arbitrarily increasing its rates. For this reason, and for the reasons recited in detail in this Court's memorandum and order dated February 26, 2008, Plaintiffs' motion to alter or amend the judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend the Judgment [doc. #57] is **DENIED**.

Dated this 23rd Day of April, 2008.

                                                                      _____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE