UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT M. VENTIMIGLIA, ) <br> DEBBIE VENTIMIGLIA ) <br> d/b/a Appliance Subcontractors ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AT&T YELLOW PAGES, et al., ) <br> Defendants. ) <br> ) | Case No. 4:07CV01759 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion for Relief from Judgment or Order in Accordance to Federal Rules of Civil Procedure 60(b)(2)(6)(c)(1)(2)(3) [doc. # 68] and Plaintiffs' Supplemental Brief and Exhibits [doc. #70].

Vincent and Debbie Ventimiglia ("Plaintiffs") filed suit against numerous Defendants on October 17, 2007, alleging various antitrust violations, violation of the 1964 Civil Rights Act, and breach of contract. After twice giving Plaintiffs the opportunity to file an amended complaint, the Court granted Defendants' Motion to Dismiss [doc. #34]. The Court dismissed all of Plaintiffs' claims with prejudice, with the exception of the breach of contract claim. The Court reasoned that such a claim is not based upon federal subject matter jurisdiction, and, since it was the only remaining claim, the Court had discretion to either exercise supplemental jurisdiction or dismiss the claim without prejudice. The Court opted for the latter. On January 29, 2009, Plaintiffs filed

the pending Motion for Relief from Judgment. In their Motion, Plaintiffs allege that there is a conspiracy against them, with the goal of precluding them from obtaining relief in state court.[1]

Rule 60(b) provides for relief from a court order for only a limited number of reasons. The grounds for relief that apply to Plaintiffs' allegations are found in Rule 60(b)(2), which provides for relief from an order when there is newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b), and Rule 60(b)(6), which states that relief may be available if there is "any other reason that justifies relief."[2] Fed. R. Civ. P. 60(b). The Court notes that "[r]elief under Rule 60(b) is an extraordinary remedy" that is "justified only under 'exceptional circumstances.'" *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)).

---

[1]Plaintiffs allege that they have been denied their due process and equal protection rights by a conspiracy that includes four judges, three attorneys and five private parties acting with the state actors. Plaintiffs allege that Judge Whittington, of the circuit court in St. Louis County, was acting in furtherance of this conspiracy when she entered an administrative order that required Mr. Ventimiglia to be escorted by security every time he enters the St. Louis County Courts Building. Plaintiffs further allege that Judge Perry, of the United States District Court, is also a party to this conspiracy because she denied their injunction against Judge Whittington.

[2]Under Rule 60(b) of the federal rules, "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Although it seems the Plaintiffs are asking for relief under 60(b)(2) and 60(b)(6), it is important to note that none of the other 60(b) reasons are applicable to Plaintiffs' claims or allegations.

To obtain relief under Rule 60(b)(2), the moving party must show: "'(1) that the evidence was discovered after trial; (2) that the party exercised due diligence to discover the evidence before the end of trial; (3) that the evidence is material and not merely cumulative or impeaching; and (4) that a new trial considering the evidence would probably produce a different result.'" *McCormack v. Citibank, N.A.*, 100 F.3d 532, 542 (8th Cir. 1996) (quoting *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 371 (8th Cir. 1994)). Plaintiffs have not informed the Court of the existence of any newly discovered evidence; rather they have merely made allegations that do not in any way apply to the issues of the dismissed lawsuit. Even if these allegations were true, and could be considered "newly discovered evidence," there would not be any impact whatsoever on this Court's February 26, 2008 Order, granting Defendants' Motion to Dismiss.

To obtain relief under Rule 60(b)(6)'s catchall provision, Plaintiffs must show that "'exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.'" *Murphy v. Mo. Dep't. of Corr.*, 506 F.3d 1111, 1117 (quoting *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)). Plaintiffs were given a full and fair opportunity to litigate their claims. The Court reviewed the Plaintiffs' complaint, and gave Plaintiffs every possible inference in reviewing the alleged causes of action, however, the Court found no basis upon which Plaintiffs could be afforded relief.

The Court has reviewed the arguments presented by Plaintiffs in their Motion for Relief from Judgment, and can find no basis for granting Plaintiffs' request. Therefore, as Plaintiffs have failed to raise any basis for relief from the judgment, Plaintiffs' Motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment or Order in Accordance to Federal Rules of Civil Procedure 60(b)(2)(6)(c)(1)(2)(3) [doc. #68] is **DENIED.**

Dated this <u>8th</u> Day of <u>May</u>, 2009.

                                                                          _____
                                                                          E. RICHARD WEBBER
                                                                          UNITED STATES DISTRICT JUDGE